# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Kyetha Sweeting, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action File No:<br>) 1:19-cv-02200-JPB |
| Victor Hill, in his official capacity as the Sheriff of Clayton County, Georgia, | ) |
| Defendant. | ) |

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STAY PROCEEDINGS AND CERTIFY NOVEL ISSUES OF LAW TO THE GEORGIA SUPREME COURT

Governor Kemp suspended Sheriff Victor Hill but failed to appoint a replacement. Because of this, Defendant sought a stay of this case due to the absence of a duly sworn Sheriff of Clayton County. Plaintiff opposes the motion, but clearly misreads the applicable Georgia code. Her proffered solution, while seemingly expedient, is also simply wrong. The Court should grant Defendant's motion.

**I.   Georgia Law Instructs Courts to Apply O.C.G.A. § 45-5-6 Rather Than O.C.G.A. § 15-16-8(a) When a Public Official is Indicted for a Felony Level Offense.**

Plaintiff spends most of her brief arguing the Court should apply the wrong Georgia statute, O.C.G.A. § 15-16-8(a). In an effort to convince the Court this

matter is quite simple, Plaintiff ignores the statute that outright rejects her position - O.C.G.A. § 15-16-26(e). Specifically, Georgia law is clear that "***[u]pon indictment for a felony, the provisions of Code Section 45-5-6 shall apply***." O.C.G.A. § 15-16-26(e). Plaintiff does not dispute the fact that Governor Kemp suspended Hill based on an indictment for a felony. Thus, Plaintiff's argument that O.C.G.A. 15-16-8 governs the issues raised in this case is incorrect.

Section 45-5-6 requires the Governor in this instance to appoint a replacement officer to fill the temporary vacancy created by his suspension. Plaintiff asserts Defendant just slapped the word "temporary" to the word "vacancy."[1] To the contrary, the statute itself clearly uses the phrase "temporary vacancy" in reference to the very situation present here:

> For the duration of any suspension of any other public official under this Code section, a replacement officer for the public official shall be

---

[1] Indeed, the statutory scheme draws a clear distinction between the procedures applicable to a "temporary vacancy" versus a permanent "vacancy". The application of Section 45-5-6 in this case is made even more apparent by those definitions and procedures. Georgia law defines a "vacancy" of public office as a term of art occurring in these narrow circumstances: death, resignation, a tribunal declaring a vacancy, ineligibility, a failure to meet residency requirements, a failure to maintain certifications, commissions, or other mandatory terms of office, and abandonment of the office. O.C.G.A. § 45-5-1(a)(1)-(7). A public office is also treated as vacant right after a felony conviction, not during a felony indictment. See O.C.G.A. § 45-5-2. See O.C.G.A. § 15-16-8(b)(2) ("[i]f more than six months of the sheriff's term of office remains at the time the vacancy occurs, the election superintendent for the county shall call a special election to fill such vacancy.").

> appointed as provided for in any applicable general or local law governing the filling of a temporary vacancy in the public office affected. If no such general law, local law, ordinance, or resolution ***governing the filling of a temporary vacancy is applicable, then the Governor shall appoint a replacement officer for the public official suspended***.

O.C.G.A. § 45-5-6(d)(1)(emphasis added).

As outlined in Defendant's initial brief, no general or local law covers the "temporary vacancy" triggered by Governor Kemp's suspension of Hill. Plaintiff does not dispute that Governor Kemp never appointed a "replacement officer" to fill the "temporary vacancy" in the public office, as required by the statute, O.C.G.A. § 45-5-6(d)(1). Accordingly, the Governor has created a "temporary vacancy" under Section 45-5-6 but has not appointed a "replacement officer." No permanent "vacancy" exists, which meets the definitions of sections 45-5-2 and 45-5-1(a)(1)-(7). Even though Plaintiff claims Hill's suspension creates a "vacancy" under O.C.G.A. § 45-5-1(a)(7), Plaintiff reads O.C.G.A. § 45-5-1(a)(1)-(7) in isolation from O.C.G.A. § 45-5-1(b). That provision, which Plaintiff declines to touch on in her brief, states:

> Upon the occurrence of a vacancy in any office in the state, ***the officer or body authorized to fill the vacancy or call for an election to fill the vacancy shall do so*** without the necessity of a judicial determination of the occurrence of the vacancy. Before doing so, however, the officer or body shall give at least ten days' notice to the person whose office has become vacant, except that such notice shall not be required in the case of a vacancy caused by death, final conviction of a felony, or written

resignation. The decision of the officer or body to fill the vacancy or call an election to fill the vacancy shall be subject to an appeal to the superior court; and nothing in this subsection shall affect any right of any person to seek a judicial determination of the eligibility of any person holding office in the state. O.C.G.A. § 45-5-1(b).

Plaintiff cannot show the cause of the "vacancy" is for one of the statutorily defined reasons, because it is not, and she does not show how the "vacancy" she claims exists was ever filled by "the officer or body authorized to fill the vacancy" as required by O.C.G.A. § 45-5-1(b). Nor could she. Therefore, a "temporary vacancy" remains; Clayton County has no Sheriff, and this case has no Defendant.

Plaintiff does correctly highlight the problem Defendant's motion to stay seeks to remedy. The Georgia Code has not been construed by any state or federal court on this particular issue. This is exactly why the case should be stayed until either the Governor acts to fill the "temporary vacancy", the criminal case resolves, creating a "vacancy" or returning Hill to his office, or the issue is certified to the Georgia Supreme Court for review.

Plaintiff's opposition misses the mark by overlooking the statutory definitions and procedures applicable to "temporary vacancies." Section 45-5-6 clearly applies in this case. Its procedures require action by the Governor. The Governor's failure to act does not change the nature of the "temporary vacancy." The Court should

reject Plaintiff's argument and apply the correct statute, which in this case results in the necessity of the stay.

## II. Plaintiff Wrongly Claims the Sheriff's Office is a Separate Legal Entity.

In her response brief, Plaintiff attempts to persuade the Court that the Clayton County Sheriff's Office (referred to as "CCSO" in her brief) is somehow a legal entity that operates independent of an elected official and can, therefore, defend this case irrespective of Hill's status. Again, Plaintiff is just dead wrong.

Is the "Clayton County Sheriff's Office" a legal entity subject to suit? No. See Seibert v. Alexander, 351 Ga. App. 446, 448, 829 S.E.2d 473, 477 (2019); Lawal v. Fowler, 196 Fed. App'x. 765, 768 (11th Cir. 2006) (noting that sheriff's departments and police departments are not usually considered legal entities subject to suit); Taylor v. Fulton Cty., No. 1:08-CV-3242-RLV, 2011 U.S. Dist. LEXIS 166090, *3 (N.D. Ga. May 5, 2011) (noting that, "[i]n establishing the position of sheriff, the Georgia Code did not create the Office of the Sheriff, a legal entity capable of suing and being sued," and the fact that the sheriff is constitutionally elected did not mean that his office was a distinct legal entity). As a result of this black-letter authority, Plaintiff cannot claim a legal entity styled as the CCSO somehow exists under Georgia law which might otherwise serve to defend against

Plaintiff's claims. It simply does not and cannot. Plaintiff's expedient solution is contrary to clear precedent on the issue. The Court should reject Plaintiff's position.

### III. Plaintiff Wrongly Argues that the Absence of a Clayton County Sheriff "Has No Bearing on the Administration or Disposition of this Case."

Finally, Plaintiff argues that the absence of a Clayton County Sheriff, the named Defendant, somehow has no bearing on this case. This position is nonsensical. Plaintiff is suing the Clayton County Sheriff for personnel actions she argues he took against her in violation of federal law. So how then can Plaintiff claim that Defendant's status does not impact her case against him?

But more to the point, Hill's suspension creates ethical and professionalism issues if this case proceeds in accordance with the current Scheduling Order. First, the Court has directed the parties to conduct a mediation to reach a resolution via settlement prior to trial. Without a sheriff or a "temporary officer", Defendant cannot authorize a monetary settlement or non-monetary terms. Second, Defendant cannot direct legal counsel on trial strategy. As a result, the absence of a sheriff or "temporary officer" creates the very real risk that proceeding to trial could result in legal challenges to any settlement or any trial being held without a client to direct Defendant's legal strategy.

The one thing Plaintiff gets right in her brief is recognizing the "[t]he inherent discretionary authority of [a] district court to stay litigation pending the outcome of

related proceeding in another forum is not questioned," CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982), but, "[a] court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interest of justice.'" S.E.C. v. Wright, 261 F. App'x 259, 263 (11th Cir. 2008) (quoting United States v. Lot 5, Fox Grove, Alachua Cty., Fla., 23 F.3d 359, 364 (11th Cir. 1994)). As outlined at length, special circumstances exist here created by a related criminal prosecution. The "related criminal prosecution" of Hill caused Hill's suspension and the "temporary vacancy" in the office of Sheriff for Clayton County.

Plaintiff states that her only damages in this case are "compensatory and injunctive relief." But she shows no legal authority and makes no argument as to how a stay in this case will impact both categories of damages whether her trial occurs in November 2021 or after the resolution of Hill's criminal case.[2]

Respectfully submitted this 6th day of October 2021.

---

[2] Plaintiff strangely says that "Clayton County[]" has an "interest is resolving its liability." Plaintiff should know by now that Clayton County and the duly elected office of Sheriff for Clayton County are two different legal entities and Clayton County has absolutely no legal interest in this case. Plaintiff apparently forgot her frivolous position in suing Clayton County in this case and her unilateral abandonment of those frivolous claims at summary judgment.

-8-

**FREEMAN MATHIS & GARY, LLP**

*s/ Jack R. Hancock*
Jack R. Hancock
Georgia Bar No. 322450
*s/ Brenton S. Bean*
Brenton S. Bean
Georgia Bar No. 044351
*s/ Timothy M. Boughey*
Timothy M. Boughey
Georgia Bar No. 832112
*Attorneys for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  (770) 818-0000
F:  (770) 937-9960
jhancock@fmglaw.com
tboughey@fmglaw.com

## CERTIFICATE OF COMPLIANCE

Under Local Rule 7.1(D), I hereby certify that this MOTION TO STAY PROCEEDINGS AND CERTIFY NOVEL ISSUES OF LAW TO THE GEORGIA SUPREME COURT has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman type face.

Respectfully submitted this 6th day of October 2021.

                                          **FREEMAN MATHIS & GARY, LLP**

                                          *s/ Jack R. Hancock*
                                          Jack R. Hancock
                                          Georgia Bar No. 322450
                                          Brenton S. Bean
                                          Georgia Bar No. 044351
                                          Timothy M. Boughey
                                          Georgia Bar No. 832112
                                          *Attorneys for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  (770) 818-0000
F:  (770) 937-9960
jhancock@fmglaw.com
tboughey@fmglaw.com